**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
333 Constitution Avenue, NW
Washington, DC 20001, Tel. (202) 354-3050

| | |
|---|---|
| **UTHAIWAN WONG-OPASI, Ph.D.** Plaintiff, pro se ) | Civil Action No. **1:05cv1083 PLF** |
| 7033 Somerset Farms Drive, Nashville, TN 37221 ) | |
| v.                                                                                    ) | **Judge Paul L. Friedman** |
| **JAMES A. HEFNER, Ph.D.,** *et al.*, Defendants ) | |
| 708 Postal Ct., Brentwood, TN 37027-7647                ) | **Jury Demand** |
| All defendants sued in individual and official capacities ) | |

## A MOTION FOR DECLARATORY JUDGMENT, RESTITUTION, AND TREBLE DAMAGES

Per provisions of the Federal Declaratory Judgment Act (28 U.S.C Sections 2201 and 2202) and Rule 57 of the Federal Rules of Civil Procedure (FRCP 57) as well as Rule LCvR 7 of the Local Rules of this Court, the plaintiff hereby, respectfully files this "Motion for Declaratory Judgment, Restitution, and Treble Damages," together with an accompanying "Memorandum of Points and Authorities" in support of her declaratory judgment motion, and a "Proposed Order."

An **oral hearing** is requested for **August 4, 2005** at **2:00 p.m. in Open Court.**

Respectfully submitted,

Uthaiwan Wong-opasi, Ph.D.
Plaintiff, pro se

*With the service of Summons and the amended Complaint,*

### CERTIFICATE OF SERVICE

I, hereby, certify that on ~~June 15, 2005~~, a copy of the foregoing was mailed, postage prepaid, to the named defendants and the State Attorney General of Tennessee at the following addresses:

| | |
|---|---|
| **JAMES A. HEFNER, Ph.D.** | **MARY D. MBOSOWO** |
| 708 Postal Ct., Brentwood, TN 37027-7647 | 2616 Redvine Rd., Edmond, OK 73034 |
| **AUGUSTUS BANKHEAD, Ed.D.** | **MARCIA G. ELLISON** |
| 177 Lelawood Cir., Nashville, TN 37209-4524 | 1101 Downs Blvd., Apt. E107, Franklin, TN 37064 |
| **JO HELEN, RAILSBACK, Ph.D.** | **JOSEPH H. UDELSON, Ph.D.** |
| 408 Bowling Ave. Nashville, TN 37205-2522 | 72B Old Lyme Drive #2, Buffalo, NY 14221-2255 |
| **GLORIA C. JOHNSON, Ph.D.** | **PAUL G. SUMMERS** |
| 1495 Bell Rd., Nashville, TN 37211-6636 | 425 Fifth Ave. N., Cordell Hull Bldg., 2nd Fl. |
| | Nashville, TN 37243 |

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, NW
Washington, DC 20001, Tel. (202) 354-3050

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2005 JUN 15 PM 3: 23

NANCY M.
MAYER-WHITTINGTON
CLERK

| | |
|---|---|
| UTHAIWAN WONG-OPASI, Ph.D. Plaintiff, pro se )<br>7033 Somerset Farms Drive, Nashville, TN 37221 )<br>v. )<br>JAMES A. HEFNER, Ph.D., *et al.*, Defendants )<br>708 Postal Ct., Brentwood, TN 37027-7647 )<br>All defendants sued in individual and official capacities ) | Civil Action No. **1:05cv1083 PLF**<br><br>**Judge Paul L. Friedman**<br><br>**Jury Demand** |

A **MOTION FOR DECLARATORY JUDGMENT,
RESTITUTION, AND TREBLE DAMAGES**

Per provisions of the Federal Declaratory Judgment Act (28 U.S.C Sections 2201 and 2202) and Rule 57 of the Federal Rules of Civil Procedure (FRCP 57) as well as Rule LCvR 7 of the Local Rules of this Court, the plaintiff hereby, respectfully files this "Motion for Declaratory Judgment, Restitution, and Treble Damages," together with an accompanying "Memorandum of Points and Authorities" in support of her declaratory judgment motion, and a "Proposed Order."

An **oral hearing** is requested for **August 4, 2005 at 2:00 p.m. in Open Court.**

Respectfully submitted,

_____
Uthaiwan Wong-opasi, Ph.D.
Plaintiff, pro se

*with the service of summons,*
*Complaint and the amended Complaint*

**CERTIFICATE OF SERVICE**

I, hereby, certify that on June 15, 2005, a copy of the foregoing was mailed, postage prepaid, to the named defendants and the State Attorney General of Tennessee at the following addresses:

JAMES A. HEFNER, Ph.D.
708 Postal Ct., Brentwood, TN 37027-7647
AUGUSTUS BANKHEAD, Ed.D.
177 Lelawood Cir., Nashville, TN 37209-4524
JO HELEN, RAILSBACK, Ph.D.
408 Bowling Ave. Nashville, TN 37205-2522
GLORIA C. JOHNSON, Ph.D.
1495 Bell Rd., Nashville, TN 37211-6636

MARY D. MBOSOWO
2616 Redvine Rd., Edmond, OK 73034
MARCIA G. ELLISON
1101 Downs Blvd., Apt. E107, Franklin, TN 37064
JOSEPH H. UDELSON, Ph.D.
72B Old Lyme Drive #2, Buffalo, NY 14221-2255
PAUL G. SUMMERS
425 Fifth Ave. N., Cordell Hull Bldg., 2nd Fl.
Nashville, TN 37243

_____

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
333 Constitution Avenue, NW
Washington, DC 20001, Tel. (202) 354-3050

| | |
|---|---|
| **UTHAIWAN WONG-OPASI, Ph.D.** Plaintiff, pro se ) <br> 7033 Somerset Farms Drive, Nashville, TN 37221 ) <br> v.                                                                                      ) <br> **JAMES A. HEFNER, Ph.D.**, *et al.*, Defendants     ) <br> 708 Postal Ct., Brentwood, TN 37027-7647          ) <br> All defendants sued in individual and official capacities ) | Civil Action No. **1:05cv1083 PLF** <br><br> **Judge Paul L. Friedman** <br><br> **Jury Demand** |

## MEMORANDUM OF POINTS AND AUTHORITIES

## IN SUPPORT OF MOTION FOR DECLARATORY JUDGMENT,

## RESTITUTION, AND TREBLE DAMAGES

Per provisions of the Federal Declaratory Judgment Act (28 U.S.C Sections 2201 and 2202) and Rule 57 of the Federal Rules of Civil Procedure (FRCP 57) as well as Rule LCvR 7 of the Local Rules of this Court, the plaintiff hereby, respectfully files this **"Memorandum of Points and Authorities"** in support of her "Motion for Declaratory Judgment, Restitution, and Treble Damages" and "Proposed Order" both of which are contemporaneously filed herewith.

An **oral hearing** is requested for **August 4, 2005** at **2:00 p.m. in Open Court.**

### I.   LEGAL STANDARDS

**1.   Cause of Action.**

Tenn. Code Ann. Section 47-50-109 provides:

"It is unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any lawful contract by any party thereto; and, in every case where a breach or violation of such contract is so procured, the person so procuring or inducing the dame shall be liable in treble the amount of

1

damages resulting from or incident to the breach of the contract. The party injured by such breach may bring suit for the breach and for such damages."

The plaintiff avers that the facts in the case as stated in the Amended Complaint show knowing, intentional, and malicious breach of contract procured and/or induced by the named defendants individually and as a conspiracy in violation of Tennessee law and damages may be recovered in treble the amount as provided in Tenn. Code Ann. 47-50-109.

2. **Elements of Claim.**

The elements of claim that satisfy the applicability of Tenn. Code Ann. 49-50-109 are as follows:

(1)   that there existed a legal contract between the parties, i.e. the plaintiff's employment contract with TSU;

(2)   that the defendants knew or should have known the existence of said contract;

(3)   that the defendants intended to induce its breach;

(4)   that the defendants acted maliciously;

(5)   that the contract was breached;

(6)   that the act complained of was the proximate cause of the breach of the contract; and

(7)   that damages resulted from the breach.

The factual allegations and exhibits therein warrant the Court's finding of false procurement of breach of contract.

3. **Judgment On the Pleading.**

a.   **Declaratory Judgment Provisions.**

2

Federal law provides for declaratory judgments via filings of complaints or motions as follows:--

(i)   The Declaratory Judgment Act; codified at 28 U.S.C. Sections 2201 and 2202;

(ii)  Rule 57 of the Federal Rules of Civil Procedure; and

(iii) Rule LCvR 7 of the Local Rules.

A.   Specifically, 28 U.S.C. Sections 2201 and 2002 provide:

"**2201. Creation of remedy**
(a) In a case of actual controversy within its jurisdiction, ........................................., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

"**2202. Further relief**
Further necessary or proper releif based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

B.   In addition, Rule 57 of the Federal Rules of Civil Procedure (FRCP 57) provides:

"**Rule 57. Declaratory Judgments**
The procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., Section 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in **Rules 38 and 39**. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

## II.   STANDARDS FOR REBUTTAL

**1.   Controverted Facts Required in Opposing "Memorandum of Points and Authorities,** pursuant to Rule LCvR 7 of Local Rules.

Accordingly, the defendants have the burden of proving the Amended Complaint to be false.

## III. ANALYSIS

1.   ~~Analysis~~ **All defendants were fully aware of the gravamen of the plaintiff's struggle to defend her contractual rights in her own name and for the sake of other fifth-year faculty members. This struggle lasted for two years at TSU and every faculty member**

3

on campus knew the controversy very well. Thus, the defendants' continuous misrepresentations despite contradicting records were evidence of their states of mind as "Knowing," "Intentional," and "malicious."

Regarding TBR Policies on Tenure and Promotion in the fifth year and early tenure, all long-time TSU faculty members such as Defendants Bankhead, Railsback, Johnson, and Udelson had a thorough knowledge not only of the policies but also the practices over the years which spanned at least two decades.

Defendant Hefner had no exception to full knowledge of law and practice because he was the head of TSU.

Moreover, "Lack of Collegiality" and "Insubordination" were NOT Criteria for Tenure and/or Promotion.

Finally, it is Not a Requirement to apply for Tenure before or at the same time as Promotion Application.

For the foregoing reasons, the plaintiff respectfully moves the Court to hear her motion for declaratory judgment, restitution, and treble damages and enter a judgment in her favor before empaneling a jury to hear the damage issue.

Respecfully submitted,

*[signature]*

Uthaiwan Wong-opasi, Ph.D.
Plaintiff, pro se

## CERTIFICATE OF SERVICE

I, hereby, certify that on June 15, 2005, [with the service of summons and the amended complaint,] a copy of the foregoing was mailed, postage prepaid, to the named defendants and the State Attorney General of Tennessee at the following addresses:

**JAMES A. HEFNER, Ph.D.**
708 Postal Ct., Brentwood, TN 37027-7647
**AUGUSTUS BANKHEAD, Ed.D.**
177 Lelawood Cir., Nashville, TN 37209-4524
**JO HELEN, RAILSBACK, Ph.D.**
408 Bowling Ave. Nashville, TN 37205-2522
**GLORIA C. JOHNSON, Ph.D.**
1495 Bell Rd., Nashville, TN 37211-6636
**MARY D. MBOSOWO**
2616 Redvine Rd., Edmond, OK 73034
**MARCIA G. ELLISON**
1101 Downs Blvd., Apt. E107, Franklin, TN 37064
**JOSEPH H. UDELSON, Ph.D.**
72B Old Lyme Drive #2, Buffalo, NY 14221-2255
**PAUL G. SUMMERS**
425 Fifth Ave. N., Cordell Hull Bldg., 2nd Fl.
Nashville, TN 37243