UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UTHAIWAN WONG-OPASI, Ph.D. | ) | |
| | ) | |
| Plaintiff, *pro se,* | ) | |
| | ) | |
| v. | ) | Case No.: 1:05CV01083 |
| | ) | Judge Paul L. Friedman |
| JAMES A HEFNER, Ph.D., *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
STATE DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Defendants **James A. Hefner, Ph.D., retired President of Tennessee State University (T.S.U.); Augustus Bankhead, Ed.D., Vice President for Academic Affairs; Jo Helen Railsback, Ph. D., retired faculty member at T.S.U.; Gloria C. Johnson, Ph. D., current faculty member at T.S.U.; Mary D. Mbosowo, former faculty member at T.S.U.; Marcia G. Ellison, former faculty member at T.S.U.; and Joseph H. Udelson, Ph.D., retired faculty member at T.S.U.** (hereinafter "Defendants"), by and through undersigned counsel, submit this Memorandum of Law In Support of Defendants' Motion to Dismiss Plaintiff's Complaint against the Defendants in their official and individual capacities.[1]

**LEGAL STANDARD**

It is Plaintiff's burden to establish that this Court has subject matter jurisdiction to adjudicate this lawsuit. *Mutual Pharmaceutical Co., Inc. v. Pfizer Inc.*, 307 F. Supp. 2d 88, 91-92 (D.C.D.C.

---

[1] This Motion is brought on behalf of all Defendants served in their official and individual capacities. As of the filing of this Motion, some but not all, of the Defendants have been served with process in their individual capacities. This Court may, however, *sua sponte* dismiss Plaintiff's claims against those individual Defendants, who have yet to be served with process in their individual capacities, if the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims and/or has failed to state a claim upon which relief can be granted against the individuals who have been served in their individual capacities.

2004).  A complaint may be dismissed for lack of subject matter jurisdiction only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The Court should accept as true all of the factual allegations contained in the complaint.  *Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C. Cir. 2002) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n. 1 (2002)).

Likewise, Plaintiff has the burden of establishing that this Court has personal jurisdiction over the Defendants.  *Phoenix Consulting, Inc., v. Republic of Angola*, 35 F. Supp. 2d 14, 16-17 (D.C.D.C. 1999); *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 (D.C.D.C. 1998); *Schwartz v. CDI Japan, LTD,* 938 F. Supp. 1, 4 (D.C.D.C. 1996).  Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the court may dismiss a cause of action for lack of personal jurisdiction.  *Blumenthal,* 992 F. Supp. at 53.  A court for the District of Columbia may properly assert jurisdiction over a non-resident where (1) it is consistent with the District of Columbia's long-arm statute and (2) it does not violate the Due Process Clause of the United States Constitution.  *Id.*  Consequently, the portion of the long-arm statute which provides for personal jurisdiction over a person for claims arising from that person's acts or omissions in the forum are "coextensive with the Constitution's due process limit."  *Dickson v. United States*, 831 F. Supp. 893, 897 (D.C.D.C. 1993).  As noted above, it is the Plaintiff's burden to establish a prima facie showing of jurisdiction.  A plaintiff's allegations used to establish jurisdiction "may not be bare conclusory statements, but must connect the defendant with the forum."  *Phoenix*, 35 F. Supp. 2d at 17.

## FACTS[2]

Plaintiff has brought this cause of action pursuant to Tenn. Code. Ann. § 47-50-109 and contends that the Defendants procured the breach of a contract. (Compl. ¶ 1) Plaintiff asserts that this Court has proper jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 2) Plaintiff states that venue is proper in this Court because the Defendants' "procurement of contract breach occurred in both the State of Tennessee and District of Columbia as a result of two investigations by federal agencies in the Washington, DC area." (Compl. ¶ 3). Plaintiff offers no other reason for filing the current action in this Court.

Though, as noted above, Plaintiff brings this action pursuant to Tenn. Code. Ann. § 47-50-109, she only alleges that five of the seven Defendants, Hefner, Ellison, Mbosowo, Johnson, and Udelson, had any actual involvement in the procurement of a breach of contract. (Compl. ¶ 43) She does, however, allege that all of the named Defendants engaged in various forms of misconduct regarding her application for tenure.[3] (Compl. ¶ ¶ 29-48) The Defendants' alleged conduct supposedly caused Plaintiff to suffer injuries from a loss of salary, fringe benefits, and employment. (Compl. ¶¶ 54-55)

Plaintiff resides in Nashville, Tennessee. (*See* Style of Compl. p. 1) Similarly, five of the Defendants were located in Nashville, Tennessee at all relevant times and continue to reside in Tennessee. (*See* Style of Compl. p. 1) Two of the Defendants, however, currently reside out of state. Mbosowo resides in Oklahoma and Udelson resides in New York. (*See* Style of Compl. p. 1)

## ARGUMENT

---

[2] For purposes of this Motion, Defendants do not contest the validity of any of the facts (as opposed to factual inferences and legal conclusions) alleged by Plaintiff in her Complaint; however, should the Court deny Defendants' Motion, Defendants' reserve the right to contest such facts at a later date.

[3] It should be noted that Plaintiff also seeks a declaratory judgment against the Defendants but does not assert what it is she is seeking to have declared. (Compl. ¶ 56)

**A.     This Court Does Not Have Subject Matter Jurisdiction Over This Action.**

According to the Complaint, Plaintiff relies on 28 U.S.C. § 1332 to establish this Court's subject matter jurisdiction over a state-law claim.  (Compl. ¶ 1-2) Furthermore, a review of the complaint reveals no federal cause of action upon which this Court could base an exercise of subject matter jurisdiction.  For a Federal court to exercise its subject matter jurisdiction based solely on diversity of citizenship, 28 U.S.C. § 1332(a)(1) requires that parties be "citizens of different States." For almost 200 years, the Supreme Court has required complete diversity of citizenship between plaintiffs and defendants.  To avoid dismissal for a lack of subject matter jurisdiction, an action must allege *each* plaintiff's citizenship to be diverse from *each* defendant's citizenship. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Carden v. Arkoma Associates,* 494 U.S. 185, 187 (1990)); *Strawbridge v. Curtiss,* 7 U.S. 267 (1806), *overruled on other grounds,* 43 U.S. 497 (1844).  Should an action fail to allege complete diversity, "a court must dismiss a case . . . at any time if it concludes that it lacks jurisdiction over [it]." *Allen v. Rehman*, 132 F. Supp. 2d 27, 29 (D.C.D.C. 2000) (citations omitted).

In the instant action, Plaintiff lists her address as Nashville, Tennessee.  (*See* Style of Compl. p. 1) With no allegation to the contrary stated in her complaint, the Defendants conclude for the purposes of this Motion that she is a Tennessee citizen.   Plaintiff names five Defendants -- Hefner, Bankhead, Railsback, Johnson, and Ellison -- for whom she lists Tennessee addresses.  (*See* Style of Compl. p. 1)  The Defendants  aver that these Defendants are, in fact, Tennessee citizens.   Thus, because the Plaintiff's citizenship is not diverse from each of the Defendants', the Defendants  pray that the Court dismiss Plaintiff's action pursuant to FED. R. CIV. P. 12(b)(1) for a lack of subject matter jurisdiction.

**B.     This Court Cannot Exercise Personal Jurisdiction Over the Defendants.**

If this Court determines that it does have subject matter jurisdiction, Plaintiff cannot establish

personal jurisdiction over the Defendants under the District of Columbia's long-arm statute or the Due Process Clause of the United States Constitution. The District of Columbia's long-arm statute provides:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's:
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.
>
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C. Code 1981 § 13-423. The District of Columbia's long-arm statute has been construed as conferring upon its courts specific jurisdiction over a cause of action. *Reese v. Geneva Enter., Inc.*, 1997 WL 214864, at *4 (D.C.D.C. Apr. 18, 1997). Simply put, an act or omission, which is of some consequence in the District of Columbia, must occur in order for this Court to have jurisdiction under the District of Columbia's long-arm statute. *See Schwartz,* 938 F. Supp. at 5; *Richard v. Bell Atlantic Corp.*, 964 F. Supp. 54, 73 (D.C.D.C. 1996). Finally, "where there is no indication that the defendant resides in the District," the long-arm statute is the only means through which the District may obtain personal jurisdiction over a defendant. *Dickson*, 831 F. Supp. at 897.

Under the applicable law, Plaintiff has not established personal jurisdiction over the Defendants. Plaintiff's allegations of acts or omissions have no relationship whatsoever to the

5

District of Columbia.  Plaintiff fails to allege that the Defendants participated in any activities in the District of Columbia at all, let alone any activities related to this litigation.  The exercise of personal jurisdiction over the Defendants in the District of Columbia would be unreasonable because all actions by the Defendants alleged in the Complaint occurred in Tennessee and not the District of Columbia.  Nor can the Plaintiff rely on the Defendants' residences to subject them to jurisdiction in this Court under the District of Columbia's long-arm statute because there is no indication that the Defendants reside or have resided in the District of Columbia.

The Due Process Clause of the United States Constitution permits personal jurisdiction over a defendant in any state with which that defendant has certain minimum contacts so long as the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Meyers v. Smith*, 460 F. Supp. 621 (D.C.D.C. 1978).  Whether a defendant has minimum contacts with a state depends on the relationship between the defendant, the forum, and the litigation.  *Calder v. Jones*, 465 U.S. 783, 788 (1984).

In the instant case, the contacts between the Defendants and the District of Columbia are non-existent.  According to the complaint, Plaintiff's only contact with the District of Columbia occurred when she filed a complaint with the Office of Special Counsel for Immigration-Related Unlawful Employment Discrimination in Washington, D.C. in October 1996.  (Compl. ¶ 42)  Furthermore, she does not allege with any specificity that any of the Defendants ever had any contact with the District of Columbia.  Rather, Plaintiff merely asserts that venue is proper in this Court because "the defendant's procurement of contract breach occurred in both the states of Tennessee and district of Columbia as a result of two investigations by federal agencies in the Washington, DC area." (Compl. ¶ 3) At no point in her complaint does she ever allege that any of the Defendants took a single action related to this lawsuit in the District of Columbia, nor does she

allege any injuries she sustained therein. Not only does Plaintiff fail to allege that the Defendants have any contacts related to this litigation with the District of Columbia, but she also fails to allege that the Defendants had any contacts with the District of Columbia in general.

District of Columbia courts look at the following factors when determining whether minimum contacts exist: (1) the defendant could reasonably anticipate being haled into the forum, (2) the foreseeability that a District of Columbia court could exercise jurisdiction, (3) the quality and nature of the contacts to the forum state, (4) the performance of an act or omission which would indicate that the defendants purposefully availed themselves of the protection and benefit of the laws of the forum state. *Creighton Limited v. Government of the State of Qatar*, 181 F.3d 118, (D.C. Cir. 1999). All of these factors weigh against the exercise of personal jurisdiction over the Defendants in this case.

First, it would be unreasonable for the Defendants to have to defend a suit in the District of Columbia because no actions or omissions occurred in the District of Columbia. Second, the Defendants could not have reasonably anticipated that they could be subject to this Court's jurisdiction for their actions in Tennessee. Third, it was not foreseeable that any alleged actions or omissions by the Defendants would have resulted in this Court having jurisdiction over these matters. Fourth, the Defendants have had no contact with the District of Columbia, thus, the Defendants did not purposefully availed themselves of this Court's jurisdiction. Finally, because contact is non-existent, no minimum contact exists. Therefore, this Court's exercising jurisdiction over the Defendants in this matter would be contrary to the due process clause of the United States Constitution.

There are no connections between the parties or the subject matter of this litigation and the District of Columbia. The Defendants' lack of contact with the District of Columbia cannot satisfy traditional notions of fair play and substantial justice so as to establish minimum contacts under the

7

due process clause. There is simply no relationship between the Defendants, the District of Columbia, and this litigation to warrant exercising personal jurisdiction over them.

## CONCLUSION

Plaintiff cannot meet her burden of showing that personal jurisdiction over the Defendants exists in this forum or that this Court has subject matter jurisdiction over the lawsuit. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and/ or Rule 12(b)(1) for lack of subject matter jurisdiction..

Respectfully Submitted,

PAUL G. SUMMERS
Attorney General and Reporter


S/ Michael Markham
Michael Markham, No.22907
Civil Litigation and State Services Division
Assistant Attorney General
Cordell Hull Building, Second Floor
P. O. Box 20207
Nashville, TN  37202-0207
(615) 741-1730

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion to Dismiss has been forwarded by first class, postage prepaid, return receipt requested, addressed as follows:

Uthaiwan Wong-opasi, Ph.D.
7033 Somerset Farms Drive
Nashville, TN 37221


this the 22nd day of June, 2005.

S/ Michael Markham
Michael Markham