UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, NW
Washington, DC 20001, Tel. (202) 354-3050

| | |
|---|---|
| **UTHAIWAN WONG-OPASI, Ph.D.** Plaintiff, pro se ) <br> 7033 Somerset Farms Drive, Nashville, TN 37221 ) <br> v.                                                                              ) <br> **JAMES A. HEFNER, Ph.D.,** *et al.*, Defendants  ) <br> 708 Postal Ct., Brentwood, TN 37027-7647          ) <br> All defendants sued in individual and official capacities ) | Civil Action No. **1:05cv1083 PLF** <br><br> **Judge Paul L. Friedman** <br><br> **Jury Demand** |

---

### [PROPOSED] ORDER

---

This matter came to an oral hearing before the Court on August 4, 2005 at 2:00 p.m. on the plaintiff's **"Motion for Declaratory Judgment, Restitution, and Treble Damages."** with support from her **"Memorandum of Points and Authorities"** as well as from the statements in her original and amended complaints. The plaintiff's motion was opposed to by the defendants in their **"Memorandum of Points and Authorities in Opposition to the Motion,"** (if any memorandum of opposing points and authorities was filed) and rebutted by the plaintiff's **"Reply Memorandum"** (if any was filed by the plaintiff).

Upon the hearing of arguments from all sides, the Court finds the plaintiff's views well taken. In particular, the Court finds that this legal action was "timely" filed. Greene v. THGC, Inc., 915 S.W.2d 809, 811; Walker v. Walker, 12 Tenn. App. 130; Callaway v. McMillian, 58 Tenn. 557 (1872); Headrick v. Union Carbide Corp., 825 S.W.2d 424 (Tenn. Ct. App. 1991).



RECEIVED
JUL - 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Further, all of the seven elements of claims set by case law were present and persistent in the conduct and misconduct of the defendants:--namely:--(i) there must be a legal contract; (ii) the wrongdoer must have known of the existence of the contract; (iii) the wrongdoer must have intended to induce its breach; (iv) the wrongdoer must have acted maliciously; (v) the contract must have been breached; (vi) the act complained of must have been the proximate cause of the breach of the contract, and (vii) damages must have resulted from the breach.  AM Int'l, Inc. v. TVA, 46 Bankr. 566 (Bankr. M.D. Tenn. 1985); Myers v. Pickering Firm, Inc., 959 S.W.2d 152 (Tenn. Ct. App. 1997); TSC Indus., Inc. v. Tomlin, 743 S.W.2d 169 (Tenn. Ct. App. 1987); Campbell v. Matlock, 749 S.W.2d 748 (Tenn. Ct. App. 1987); Holloway v. Collier, 969 S.W.2d 407 (Tenn. Ct. App. 1997) as cited in Section 4. ELEMENTS OF CAUSE OF ACTION in the statute itself.  **Tenn. Code Ann. Section 47-50-109** (2004).

This case truly reflects what the statute intends to outlaw.

"It is unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any lawful contract by any party thereto; and, in every case where a breach or violation of such contract is so procured, the person so procuring or inducing the dame shall be liable in treble the amount of damages resulting from or incident to the breach of the contract.  The party injured by such breach may bring suit for the breach and for such damages."

Finally, no Tennessee law exempts liabilities of public officers whose act, omission, and/or inaction was done for personal gain and/or with malice.

It is hereby, ADJUDGED, DECREED, AND ORDERED that the plaintiff is entitled to a declaratory judgment against all of the named defendants and damages shall be assessed by a jury which will be impaneled in 30 days from the entry of this Order.

SO ORDERED.

Signed this _____ day of August, 2005.            _____
                                                     Paul L. Friedman, District Judge

## CERTIFICATE OF SERVICE

I, hereby, certify that a copy of the foregoing was served with a summons, a copy of an amended complaint, a "Motion for Declaratory Judgment, Restitution, and Treble Damages," a "Memorandum of Points and Authorities," and a "Notice of Filing of [Proposed] Order" to the named defendants and the State Attorney General of Tennessee at the following addresses:

**JAMES A. HEFNER, Ph.D.**
708 Postal Ct., Brentwood, TN 37027-7647

**AUGUSTUS BANKHEAD, Ed.D.**
177 Lelawood Cir., Nashville, TN 37209-4524

**JO HELEN, RAILSBACK, Ph.D.**
408 Bowling Ave. Nashville, TN 37205-2522

**GLORIA C. JOHNSON, Ph.D.**
1495 Bell Rd., Nashville, TN 37211-6636

**MARY D. MBOSOWO**
2616 Redvine Rd., Edmond, OK 73034

**MARCIA G. ELLISON**
1101 Downs Blvd., Apt. E107, Franklin, TN 37064

**JOSEPH H. UDELSON, Ph.D.**
72B Old Lyme Drive #2, Buffalo, NY 14221-2255

**PAUL G. SUMMERS**
425 Fifth Ave. N., Cordell Hull Bldg., 2nd Fl.
Nashville, TN 37243