UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
UTHAIWAN WONG-OPASI,                     )
                                                        )
            Plaintiff,                                )
                                                        )
      v.                                              )          Civil Action No. 05-1083 (PLF)
                                                        )
JAMES A. HEFNER, et al.,                     )
                                                        )
            Defendants.                            )
_____)


MEMORANDUM OPINION

            This matter is before the Court on defendants' motion to dismiss plaintiff's *pro se*

complaint under Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure.  Because

complete diversity of citizenship does not exist, the Court will dismiss the complaint for lack of

subject matter jurisdiction.

            Plaintiff is a citizen of Thailand but a lawful permanent resident of the United

States, domiciled in Tennessee.  See Amended Complaint ("Am. Compl.") ¶ 1.  She asserts a

claim of "procurement of breach of contract" under Tennessee law, based on the failure of

Tennessee State University ("TSU") to grant her tenure and promotion in academic years 1996-

97 and 1997-98.  See Am. Compl. ¶ 7, 22.[1]  She invokes the Court's diversity jurisdiction under

_____

      [1]      This is not the first complaint plaintiff has filed in this matter.  She has previously
filed two complaints in this Court asserting various federal civil rights claims against these same
defendants as well as TSU and other members of its faculty and administration.  See Wong-
Opasi v. Tennessee State Univ., Civil No. 99-1167 (D.D.C. Feb. 25, 2000); Wong-Opasi v.
Tennessee State Univ., Civil No. 99-1210  (D.D.C. Feb. 25, 2000).  Judge Oberdorfer dismissed
both complaints for lack of personal jurisdiction on February 25, 2000.  See id.  Plaintiff also
has filed *thirteen* lawsuits in the United States District Court for the Middle District of
Tennessee, most if not all of which arise from the events underlying the current complaint.

28 U.S.C. § 1332.  See id. ¶ 20.  The complaint names as defendants seven members of the TSU faculty and administration.  See id. ¶¶ 9-17.  Although defendants Mary Mboswo and Joseph Udelson reside elsewhere, defendants James Hefner, Augustus Bankhead, Jo Helen Railsback, and Gloria Johnson all appear to be citizens of Tennessee.[2]  Defendants argue that because plaintiff is non-diverse from some defendants, there is no federal subject matter jurisdiction.  They further argue that this Court may not exercise personal jurisdiction over defendants under the District of Columbia long-arm statute and constitutional standards of due process.

Plaintiff argues that the requirements of diversity jurisdiction are satisfied when only one defendant is of diverse citizenship from the plaintiff.  See Opposition to Defendants' Motion to Dismiss ("Opp.") at 2.  This is incorrect.  The Supreme Court has long held that diversity jurisdiction exists only when the citizenship of each plaintiff is diverse from the citizenship of *each* defendant.  See, e.g. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996) (citing Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267 (1806)).

Plaintiff also argues that although she is a permanent resident of Tennessee, she is not a citizen of that state because she is a citizen of Thailand.  See Opp. at 2-3.  This, too, is wrong as a matter of law.  For purposes of the diversity statue, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled."  28 U.S.C. § 1332(a).  Because plaintiff is domiciled in Tennessee, she is a citizen of that state for these purposes.

---

[2]     These individuals are members of the TSU faculty, and the complaint was served upon each at an address in Tennessee.  These defendants also aver that they are citizens of Tennessee, see Defendants' Motion to Dismiss at 4, and plaintiff does not contest this assertion.

Plaintiff is not diverse from all defendants, and this Court therefore has no subject matter jurisdiction.  The defendant's motion to dismiss for lack of subject matter jurisdiction will be granted, and the case will be dismissed without prejudice.  A separate Order consistent with this Memorandum Opinion will be issued this same day.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: July 20, 2005