RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2005 AUG -6 PM 10: 11

NANCY M. MAYER-WHITTINGTON
CLERK



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, NW
Washington, DC 20001, Tel. (202) 354-3050

| | |
|---|---|
| **UTHAIWAN WONG-OPASI, Ph.D.** Plaintiff, pro se ) <br> 7033 Somerset Farms Drive, Nashville, TN 37221 ) <br> v. ) <br> **JAMES A. HEFNER, Ph.D.,** *et al.*, Defendants ) <br> 708 Postal Ct., Brentwood, TN 37027-7647 ) <br> All defendants sued in individual and official capacities ) | Civil Action No. **1:05cv1083 PLF** <br><br> **Judge Paul L. Friedman** <br><br> **Jury Demand** |

---

### PLAINTIFF'S RULE 60 AND/OR RULE 59(e) MOTIONS
(a) TO ALTER OR VACATE ORDER OF CASE DISMISSAL
DUE TO DEFENDANTS' FRAUD AND COURT'S ERRORS; AND
(b) TO ENTER A RULE 55(b)(2) DEFAULT JUDGMENT AGAINST DEFENDANTS
OR (c) TO GRANT PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT,
DAMAGES, AND RESTITUTION IN LIEU OF CASE DISMISSAL
VIA (1) A MOTION FOR ORAL HEARING ON OCTOBER 17, 2005 AT 2:30 P.M.,
AND (2) A MOTION TO SHOW CAUSE;

---

For the reasons stated in the "**Affidavit** for Plaintiff's Rule 60 and/or Rule 59(e) Motions ...." and in the "**Memorandum of Points and Authorities** for Plaintiff's Rule 60 and/or Rule 59 (e) Motions ....," as titled in full above and contemporaneously-filed herewith, the plaintiff respectfully requests the Court to grant her motion to grant all of her requests in said Motion.

Respectfully submitted,

*/s/ Uthaiwan Wong-opasi*
Uthaiwan Wong-opasi, Ph.D.
Plaintiff, pro se

### CERTIFICATE OF SERVICE

I, hereby, certify that on or about August 6, 2005, the following pleadings were served as a package, via ~~first-class mail, postage prepaid,~~ *via certified mail w/return receipt requested* to the defendants at their addresses of record:
1. A copy of the "Plaintiff's Rule 60 and/or Rule 59(e) Motions ......";
2. A copy of the "Affidavit for Plaintiff' Rule 60 and/or Rule 59(e) Motions ......"; and
3. A copy of the "Memorandum of Points and Authorities for Plaintiff's Rule 60 and/or Rule 59(e) Motions ......."

**JAMES A. HEFNER, Ph.D.**
708 Postal Ct., Brentwood, TN 37027-7647
**AUGUSTUS BANKHEAD, Ed.D.**
177 Lelawood Cir., Nashville, TN 37209-4524
**JO HELEN, RAILSBACK, Ph.D.**
408 Bowling Ave. Nashville, TN 37205-2522
**GLORIA C. JOHNSON, Ph.D.**
1495 Bell Rd., Nashville, TN 37211-6636
**MARY D. MBOSOWO**

2616 Redvine Rd., Edmond, OK 73034
**MARCIA G. ELLISON**
1101 Downs Blvd., Apt. E107, Franklin, TN 37064
**JOSEPH H. UDELSON, Ph.D.**
72B Old Lyme Drive #2, Buffalo, NY 14221-2255
**PAUL G. SUMMERS**
425 Fifth Ave. N., Cordell Hull Bldg., 2nd Fl.
Nashville, TN 37243

*/s/ Uthaiwan Wong-opasi*

Document 1 of 3

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2005 AUG -6 PM 10: 1

NANCY M.
MAYER-WHITTINGTON
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, NW
Washington, DC 20001, Tel. (202) 354-3050

| | |
|---|---|
| **UTHAIWAN WONG-OPASI, Ph.D.** Plaintiff, pro se ) | Civil Action No. |
| **1:05cv1083 PLF** | |
| 7033 Somerset Farms Drive, Nashville, TN 37221 ) | |
| v. ) | **Judge Paul L. Friedman** |
| **JAMES A. HEFNER, Ph.D., *et al.*,** Defendants ) | |
| 708 Postal Ct., Brentwood, TN 37027-7647 ) | **Jury Demand** |
| All defendants sued in individual and official capacities ) | |

**Affidavit for Plaintiff's Rule 60 and/or Rule 59(e) Motions
(a) To Alter or Vacate Order of Case Dismissal Due to Defendants' Fraud
and Court's Errors
And (b) To Enter a Rule 55(b)(2) Default Judgment Against Defendants
Or (c) To Grant Plaintiff's Motion for Declaratory Judgment, Damages, and Restitution
In Lieu Of Case Dismissal
Via (1) A Motion for Oral Hearing on October 17, 2005 at 2:30 P.M. And
(2) A Motion To Show Cause**

Duly sworn, the plaintiff states:

1. I am the Plaintiff in this case.

2. I am prejudiced by Defendants' Fraud Upon the Court.

3. I am also prejudiced by a series of numerous Court's Errors.

4. This is due to the fact that on August 4, 2005, at 2:00 p.m., I attended the Court for my oral hearing on my motion for declaratory judgment, damages, and restitution which I properly filed on June 6, 2005 in Courtroom 16 (instead of the regular Courtroom 17 of His Honorable Judge Friedman's due to his special arrangement for that day).

5. I found, instead, that a Bench Trial for another case which was not my case was scheduled instead of the case at bar.

6. When asked in open court about the status of my case, Judge Friedman ordered his Courtroom Deputy (Ms. Barbara Montgomery) and me to discuss it outside the Courtroom.

7. Ms. Montgomery then informed me that there were no hearings set for my case yet because it was a brand new case and that the defendants had not answered my complaint.

Document 2 of 3

8. Ms. Montgomery further informed me that for any hearing to be scheduled, the parties would have to receive an order granting a hearing first.

9. Afterwards, when I checked the Docket Report on a computer in the Clerk's Office, I found out that all of the **SEVEN** pleadings which I had properly filed on July 6, 2005, were **NOT** properly reported on the Docket Report or entered by the Court Clerk on the computer even though **two** of the pleadings were personally filed with the Court Clerk in the Clerk's Office first **before closing on July 6, 2005 and** later five additional pleadings were also filed on July 6, 2005 **after hours** in the "After-Hours Drop Box" of the Court.

10. On the night of July 6, 2005, in order to assist the Court Clerk in filing my five additional pleadings in the correct order, I numbered the pages of each pleading in a five-pleading sequence, totaling 16 pages.

11. Although each pleading was separately stapled and individually stamped filed, I clipped the five pleadings in two sets as required by the Court:--one copy or set for the Court and another for the Presiding Judge.

12. However, yesterday (August 5, 2005), when I examined the hard copies of the filings in my case file, I found **only pages 1-11** of the pleadings filed on July 6 therein.

13. **Specifically, original copies of pages 12-16 were missing from my case file.**

14. **When asked, the Court Clerk stated to me that for some reasons, pages 12-16 pages were missing but they showed up as electronically scanned documents in the system (the ECF or the Electronic Case Files).**

15. Another error was that if all of the seven documents were filed, they should have been entered as **SEVEN** separate entries; however, the Docket Report only listed **THREE** entries (i.e. Entries Numbers 20-22).

16. The third error was that it was so bizarre how my "Memorandum in Opposition to Motion to Dismiss" which started on Page 3 of my July 6 filings and ended on Page 8 could be docketed as Entry No. 21 but the "Opposition to Defendants' Motion to Dismiss and Plaintiff's Cross Motion to Strike Defendants' Motion to Dismiss" which was on Pages 1-2 was not entered!

17. The fourth error was, according to the ECF's instructions for filings, my Opposition should have been entered as a "Response"; however, the Court Clerk failed to record my Opposition as a Response.

18. In fact, the Court Clerk failed to record it as a SEPARATE, IMPORTANT document or pleading.

19. The fifth error was, a response to any motion is due by a date automatically generated by the ECF at the time of filing of said motion.

20. However, no due date for my Response to the Defendants' Motion to Dismiss was generated by the ECF at the time of the defendants' filing of their Motion to Dismiss allegedly on July 1, 2005 or at any time thereafter.

21. Nor was a date generated as a part of the Court's ECF filing of my Motion for Declaratory Judgment by me personally on June 15 or as late as from the entered date of my motion on June 20 by the Court Clerk.

22. The date of filings of my opposition was crucial because I "timely" filed my Opposition to Motion to Dismiss on July 6 but it was reported on the Docket Report that ALL of my filings were on July 7 should the defendants claim that they had served me on June 22 as alleged on their Motion to Dismiss and Memorandum in support.

23. More importantly, it was NOT clear whether Judge Friedman had seen my "[Proposed] Order Setting Two Oral Hearings" or not.

24. This was because, according to Ms. Montgomery's statement above, it could be presumed that an order setting two hearings would have had to be granted or denied first, in addition to the provisions of the Local Rules which allowed any party, movant or non-movant, to motion for a hearing, before an order granting any motion for relief such as a motion to dismiss or a motion for declaratory judgment was granted.

25. The sixth error by the Court was caused by the Defendants' fraud by falsely claiming in their motion to dismiss that they had mailed me a copy of their motion by first-class mail and in their memorandum of points and authorities that they also mailed me said memorandum by first-class mail, on June 22, 2005.

26. The defendants also falsely claimed in their memorandum of points and authorities that they mailed me said memorandum by first-class mail with return receipt requested.

27. However, the truth is that I received no certified mail or regular mail of the two pleadings.

28. I had included this fact of non-receipt of both the motion to dismiss and the supporting memorandum in my affidavit, which was filed in support of my Opposition to Motion to Dismiss on July 6, 2005, yet the defendants continued to fail to mail me a copy of their pleadings, including their "Supplemental Motion to Dismiss for Lack of Jurisdiction" on July 15, 2005 because up to August 3, 2005, I still have not received said Supplemental Motion.

29. The seventh error by the Court was that the due dates for each defendant's answer were NOT ALL recorded in Entries 3-16 when I filed "Return of Service" for all defendants in the official and individual capacities.

30. The eighth error by the Court, which was a fatal deprivation of my constitutional right, was that although records in this case had shown that all answers to my original complaints were due by June 22, 23, and by June 29 as the latest and that NO Motion to Dismiss or any motions under Rule 12(b) of the FRCP, the Court granted their Motion To Dismiss, WITHOUT regard to the Rules, Regulations, and therefore, the Court's fairness is deemed questionable.

31. Without filing a "timely" response to the complaint or a "timely" motion under Rule 12(b) of the FRCP, I was and still am entitled to a default judgment against the defendants under Rule 55(b)(2) of the FRCP.

32. Thus, I am EXTREMELY PREJUDICED by the Court's error in overlooking the "timeliness of the defendants' motion."

33. While good faith and fair dealing is assumed as a general rule of thumb but because I have not received the three important pleadings as claimed by the defendants by mail, I respectfully request them or the Court to order them to "Show Cause" (1) Why default judgment should not be entered against them and (2) by showing to the Court original copies of proofs of their mailing records on June 22, 2005 and July 15, 2005.

34. Otherwise, Justice is not served because such two important things as a right to default judgment and a right to sue can be lost upon fraud committed upon the Court or by Court Clerk's series of numerous and fatal errors, and NOT my errors because this Case was dismissed WITHOUT a full briefing.

35. The ninth error was, more importantly, although the statutory time for the defendants to answer my complaint had run while the statutory time for answering my amended complaint had not elapsed, yet the Court "hurriedly" dismissed my complaint and amended complaint without a good cause while the Court Clerk "leisurely" took their time to issue and mail me the new summonses for service of my amended complaint WITHOUT regard to my rights and treated "pro se" litigants with prejudice by giving an edge to attorneys who filed electronically but delayed the entries of litigants who filed manually.

36. The tenth error was that Local Rules provided for an automatic grant of a motion when that motion was unopposed to; however, the Court failed to grant my motion even though the defendants had never filed a response in opposition to my motion.

37. The eleventh error, however, the Court's citation to cases which did not involved citizenship based on international law or the federal law on Citizenship and Naturality as found in the Immigration and Nationality Act in 8 CFR.

38. The twelfth error, and the most important of all errors was, the Court's error in dismissing this case based on "improper venue" based upon the Honorable Senior District Judge's Order in my earlier cases filed in this Court, namely:--the 1:00cv1167 and

the 1:00cv1210 cases; however, the two cases were not dismissed but they were only transferred to the federal court in Nashville (i.e. the Middle District of Tennessee).

For the reasons stated above, I seriously but respectfully request the Court to grant my Rule 60 and/or Rule 59(e) motion as titled.

Respecfully submitted,

Uthaiwan Wong-opasi, Ph.D.
Plaintiff, pro se

## CERTIFICATE OF SERVICE

I, hereby, certify that on or about August 6, 2005, the following pleadings were served as a package, via ~~first-class~~ certified mail, ~~postage prepaid~~ w/ return receipt requested, to the defendants at their addresses of record:

1. A copy of the "Plaintiff's Rule 60 and/or Rule 59(e) Motions ......";
2. A copy of the "Affidavit for Plaintiff' Rule 60 and/or Rule 59(e) Motions ......"; and
3. A copy of the "Memorandum of Points and Authorities for Plaintiff's Rule 60 and/or Rule 59(e) Motions ......."

**JAMES A. HEFNER, Ph.D.**
708 Postal Ct., Brentwood, TN 37027-7647

**AUGUSTUS BANKHEAD, Ed.D.**
177 Lelawood Cir., Nashville, TN 37209-4524

**JO HELEN, RAILSBACK, Ph.D.**
408 Bowling Ave. Nashville, TN 37205-2522

**GLORIA C. JOHNSON, Ph.D.**
1495 Bell Rd., Nashville, TN 37211-6636

**MARY D. MBOSOWO**
2616 Redvine Rd., Edmond, OK 73034

**MARCIA G. ELLISON**
1101 Downs Blvd., Apt. E107, Franklin, TN 37064

**JOSEPH H. UDELSON, Ph.D.**
72B Old Lyme Drive #2, Buffalo, NY 14221-2255

**PAUL G. SUMMERS**
425 Fifth Ave. N., Cordell Hull Bldg., 2nd Fl.
Nashville, TN 37243

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, NW
Washington, DC 20001, Tel. (202) 354-3050

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
AUG -6 PM 10: 14
NANCY M.
MAYER-WHITTINGTON
CLERK

| | |
|---|---|
| UTHAIWAN WONG-OPASI, Ph.D. Plaintiff, pro se ) <br> 7033 Somerset Farms Drive, Nashville, TN 37221 ) <br> v.  ) <br> JAMES A. HEFNER, Ph.D., et al., Defendants ) <br> 708 Postal Ct., Brentwood, TN 37027-7647 ) <br> All defendants sued in individual and official capacities ) | Civil Action No. 1:05cv1083 PLF <br><br> Judge Paul L. Friedman <br><br> Jury Demand |

---

### MEMORANDUM OF POINTS AND AUTHORITIES FOR
### PLAINTIFF'S RULE 60 AND/OR RULE 59(e) MOTIONS
### (a) TO ALTER OR VACATE ORDER OF CASE DISMISSAL
### DUE TO DEFENDANTS' FRAUD AND COURT'S ERRORS; AND
### (b) TO ENTER A RULE 55(b)(2) DEFAULT JUDGMENT AGAINST DEFENDANTS
### OR (c) TO GRANT PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT,
### DAMAGES, AND RESTITUTION IN LIEU OF CASE DISMISSAL
### VIA (1) A MOTION FOR ORAL HEARING ON OCTOBER 17, 2005 AT 2:30 P.M.,
### AND (2) A MOTION TO SHOW CAUSE;

---

For the reasons stated in the "**Affidavit** for Plaintiff's Rule 60 and/or Rule 59(e) Motions ...." and hereinunder in this "**Memorandum of Points and Authorities** for Plaintiff's Rule 60 and/or Rule 59(e) Motions ....," as titled in full above and contemporaneously-filed herewith, the plaintiff respectfully requests the Court to grant her motion to grant all of her requests in said Motion.

#### 1. Case Law on Improper Venue

Case law has established that by filing a motion or any pleadings with the Court, the defendants already subjected themselves under the jurisdiction of the Court in which they appeared.

#### 2. Stare Decisis

**It is a principle of law that prior decisions controlled unless altered. Thus, when Judge Oberdorfer merely transferred similar cases to the case at bar, it follows that this Court erred in dismissing this lawsuit altogether instead of ordering the case to be transferred to Nashville.**

#### 3. Default Judgment Is As Of Right

Document 3 of 3

Statutory time frames must be adhered to and Court is not free to choose to do otherwise absent a show cause by the defendants why default judgment cannot be entered against them.

### 4. Case law on Rule 60

Courts have unanimously upheld fraud upon the Court and/or Court's error(s) as a valid cause to alter judgment.

### 5. Rule 59(e) Timeliness

The plaintiff's Rule 59(e) is "timely" filed within 10 days of the entry of the Order of Dismissal provided that three additional days are added by Rule 6(e) of the FRCP for mailing of said Order to the plaintiff.

Respectfully submitted,

Uthaiwan Wong-opasi, Ph.D.
Plaintiff, pro se

### CERTIFICATE OF SERVICE

I, hereby, certify that on or about August 6, 2005, the following pleadings were served as a package, via ~~first-class mail, postage prepaid,~~ *via certified mail w/ return receipt requested* to the defendants at their addresses of record:
1. A copy of the "Plaintiff's Rule 60 and/or Rule 59(e) Motions ......";
2. A copy of the "Affidavit for Plaintiff' Rule 60 and/or Rule 59(e) Motions ......"; and
3. A copy of the "Memorandum of Points and Authorities for Plaintiff's Rule 60 and/or Rule 59(e) Motions ......"

JAMES A. HEFNER, Ph.D.
708 Postal Ct., Brentwood, TN 37027-7647
AUGUSTUS BANKHEAD, Ed.D.
177 Lelawood Cir., Nashville, TN 37209-4524
JO HELEN, RAILSBACK, Ph.D.
408 Bowling Ave. Nashville, TN 37205-2522
GLORIA C. JOHNSON, Ph.D.
1495 Bell Rd., Nashville, TN 37211-6636
MARY D. MBOSOWO
2616 Redvine Rd., Edmond, OK 73034
MARCIA G. ELLISON
1101 Downs Blvd., Apt. E107, Franklin, TN 37064
JOSEPH H. UDELSON, Ph.D.
72B Old Lyme Drive #2, Buffalo, NY 14221-2255
PAUL G. SUMMERS
425 Fifth Ave. N., Cordell Hull Bldg., 2nd Fl.
Nashville, TN 37243