UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UTHAIWAN WONG-OPASI, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-1083 (PLF) |
| JAMES A. HEFNER, et al., | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

On July 20, 2005, the Court dismissed plaintiff's complaint for lack of subject matter jurisdiction. The Court concluded that because plaintiff, a Thai national permanently residing in Tennessee, is a citizen of that state for purposes of the diversity statute, 28 U.S.C. § 1332(a), plaintiff is non-diverse from some or all of the defendants in this case. Accordingly, the Court was without subject matter jurisdiction and was obligated to dismiss the complaint.

Plaintiff has filed a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure.[1] Although she lodges a number of complaints regarding the conduct of the Clerk's Office and the Court's consideration of defendants' motions (which she argues were untimely filed and improperly served), plaintiff's motion does not challenge the Court's holding

---

[1] Plaintiff characterized her motion as proceeding under Rule 60 and/or Rule 59(e); however, a Rule 59(e) motion must be filed within 10 days after entry of judgment. Judgment was entered on July 20, 2005, while plaintiff's motion was not served on defendants until August 6, 2005 and not filed with the Court until August 8. Had plaintiff timely filed her motion under Rule 59(e), however, the Court's decision today would remain unchanged.

that diversity jurisdiction does not exist in her case.[2]

Subject matter jurisdiction "goes to the foundation of the court's power to resolve a case, and the court is obliged to address it *sua sponte*." Doe by Fein v. District of Columbia, 93 F.3d 861, 871 (D.C. Cir. 1996). Thus, even if defendants had filed no motion to dismiss, the Court still would have been obligated to dismiss plaintiff's complaint on finding subject matter jurisdiction to be lacking.

Accordingly, it is hereby

ORDERED that [27] plaintiff's Rule 60 and/or Rule 59(e) Motion to Alter or Vacate the Order of Case Dismissal, and to Enter Default Judgment, is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 1, 2005

---

[2] Plaintiff does state that the Court somehow erred in citing in its Memorandum Opinion "cases which did not involved [sic] citizenship based on international law or the federal law on Citizenship and Naturality [sic] as found in the Immigration and Nationality Act in 8 CFR." Plaintiff's Rule 60 Motion ¶ 37. The Immigration and Nationality Act is irrelevant to determining plaintiff's "citizenship" for diversity purposes, which is controlled entirely by 28 U.S.C. § 1332(a).